**Charles L. Gorman, Defendant in Error, v. George J. Cooke Company, Plaintiff in Error.**

**Gen. No. 16,322.**

APPEALS AND ERRORS—*when finding by court not disturbed.* A finding by the court will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This suit was brought to recover $200 deposited with George J. Cooke Company, April 28, 1909, to be accounted for as money received. Plaintiff in error, George J. Cooke Company, filed a claim for set-off in the sum of $450 for six months' rent of the premises at 70th street and Stony Island avenue, Chicago, for saloon purposes. On the trial this set-off was amended by making the claim for rent of the premises at 92nd and Exchange avenue instead of 70th street and Stony Island avenue, and by adding a claim for damages for breach of defendant in error's contract for the rent of said premises.

In a trial by the court without a jury defendant in error recovered a judgment for the full amount of his claim, and this writ of error is prosecuted to reverse the judgment upon the sole ground that it is against the manifest weight of the evidence.

Gorman, defendant in error, testified, in substance, that a Mr. Weber, agent of the plaintiff in error, informed him previous to the time this money was deposited with plaintiff in error, that he would have the place at 70th and Stony Island avenue on his hands, and by taking out a license and paying $75 a month rent he, Gorman, could have possession of it for a saloon six months from May 1, 1909; that Gorman then went to the place and examined it and liked it and wanted to rent it, but informed Weber that there was no chance to rent it, as the party in possession wanted too much for the stock, and for good will, etc.; that Weber then said he would have several other places to rent on May 1st, and at Weber's suggestion on April 28th he deposited the $200 as a forfeit that he would take a place satisfactory to him, May 1st; that after he put up the money Weber told him about the place at 92nd and Exchange avenue, and that he visited that place and one other, and told Weber they

were no good and that he would not take either one of them; that on May 7th, being unable to rent a suitable place from plaintiff in error, he demanded his $200 and plaintiff in error refused to pay it to him. The defendant in error contended that Gorman agreed to rent the place at 92nd and Exchange avenue at $75 per month for six months from May 1st and that he would pay the deposit on the rent thereof; that the tenant then in possession vacated said premises, May 1st, and that by reason of defendant in error's refusal to perform his contract the place has been vacant ever since, and that plaintiff in error could not in that time rent it to any other person. Gorman is corroborated by the fact that the receipt recites merely the receipt of the money, "to be accounted for," by Mrs. Keon, tenant of said premises at 92nd street, who testified that she never vacated the premises until May 13th, and that she first met Gorman April 29th, the day he went to look at the place, and that Gorman never tried to buy her stock and that he said he would not take the place; and by Mr. Bock, a witness for plaintiff in error, who testified that at the time the money was deposited, Gorman said he wanted to go into the saloon business at 7000 Stony Island avenue, and that Flanagan, secretary of plaintiff in error, told Gorman he would have to deposit $200 on the rent if he took that property, although he seems to testify on cross-examination that after this time Gorman agreed to take the other place. The testimony of Weber and Flanagan supported the contention of plaintiff in error.

It was the province of the court, in view of the conflict in the evidence above disclosed, to finally settle the questions of fact in this case. The judgment was not manifestly against the weight of the evidence and is affirmed.

*Judgment affirmed.*